Alvaro CABRERA, Appellant,

v.

James BARBO, Administrator of Northern State Prison; The Attorney General of the State of New Jersey, Peter Verniero.

No. 98–6090.

United States Court of Appeals, Third Circuit.

Argued March 22, 1999.

Filed April 30, 1999.

Ivelisse Torres, New Jersey Public Defender, Lon Taylor (argued), Assistant Deputy Public Defender, Office of Public Defender, Appellate Section, Newark, NJ, for Appellant.

Ronald S. Fava, Passaic County Prosecutor, Gary H. Schlyen (argued), Chief Assistant Prosecutor, Office of County Prosecutor, Paterson, NJ, for Appellees.

Before: GREENBERG and ROTH, Circuit Judges, and POLLAK,* District Judge.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. INTRODUCTION

This matter comes on before this court on appeal from an order entered April 30, 1998, denying relief to the petitioner, Alvaro Cabrera, in this habeas corpus action under 28 U.S.C. § 2254. We set forth the background of the case in some detail. A Passaic County, New Jersey, grand jury indicted Cabrera for first degree armed robbery with a handgun, N.J.Stat.Ann. § 2C:15-1 (West 1995); second degree possession of a handgun for an unlawful purpose, N.J.Stat.Ann. § 2C:39-4a (West 1995); and third degree possession of a handgun without a permit, N.J.Stat.Ann. § 2C:39-5b (West 1995). Pursuant to a plea agreement Cabrera, while represented by a retained attorney, entered a plea of guilty to first degree robbery. The agreement provided that the court would dismiss the weapons possession counts and that the prosecution would recommend that his New Jersey custodial sentence run concurrently with an unrelated sentence Cabrera was serving in New York on a manslaughter charge.

At the sentencing on May 5, 1993, the assistant prosecutor indicated that the New York sentence of ten years with a 40-month period of parole ineligibility limited the New Jersey sentence. Nevertheless, Cabrera's retained attorney suggested that the plea agreement permitted the New Jersey sentence to be longer than the New York sentence. The court then sentenced Cabrera to a 20-year term of imprisonment with a ten-year period of parole ineligibility. The New Jersey sentence was concurrent with but ran longer than the New York sentence. Subsequently, Cabrera filed a pro se motion to withdraw his plea of guilty but the trial court, at a hearing on July 9, 1993, at which Cabrera's retained counsel, but not Cabrera, was present denied the motion.

Cabrera then appealed to the New Jersey Superior Court, Appellate Division, which heard the appeal on an excessive sentence oral argument calendar without briefing pursuant to N.J.Ct.R. 2:9-11. Rule 2:9-11 is applicable when the only issue is whether the trial court imposed a proper sentence, but the rule does not limit the issues that an appellant may raise. Accordingly, an appellant, by designation of the issues, controls whether the case can be treated as an excessive sentence appeal. An attorney from the New Jersey Public Defender's Office represented Cabrera on the appeal and that office has represented him ever since in all of the state and federal court proceedings we describe.

At the oral argument before the excessive sentencing panel, Cabrera's public defender argued that he should be allowed to withdraw his guilty plea because the prosecutor stated at the sentencing that the New York sentence would control the New Jersey sentence and because the trial court had not explained to Cabrera that he faced a mandatory period of parole ineligibility. The panel was receptive to these arguments and on September 29, 1994, it issued an order remanding the case to the trial court so that Cabrera could make an application to withdraw his guilty plea on the grounds that the sentence did not meet the expectations of the plea agreement. Significantly, the court also ordered that the remand could include "such further

---

* Honorable Louis H. Pollak, Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

action as the parties and court find appropriate."

The matter then came on before the sentencing judge on January 20, 1995, for the remand hearing. Cabrera was present at the hearing and was represented by a public defender who argued that Cabrera had been misled when he pleaded guilty. The attorney pointed out that the plea agreement provided for a recommendation by the prosecutor for the sentence to run concurrently with the New York sentence, and he argued that Cabrera did not understand that he was subject to a 20–year sentence with a ten-year period of parole ineligibility. The State in response contended that the court told Cabrera when he pleaded guilty that he faced a 20–year term with a ten-year period of parole ineligibility, and that Cabrera understood that New Jersey law required the court to impose a minimum period of parole ineligibility.

Near the end of the argument the court asked if Cabrera wanted "to say anything? Does your client want to [say] anything." When the attorney did not indicate that Cabrera wanted to say anything but that if the court wished he would testify, the court persisted, as it said: "Does your client want to say anything in this hearing, under oath or otherwise?" The court then asked again: "Does the defendant want to say anything? And I'm not saying he should. I'm just asking you, does he, and he doesn't have to or he can if he wants to but I'm giving him that chance if he chooses. And he doesn't have to." His attorney then said that "we choose not to, judge." The court then ruled that when Cabrera pleaded guilty he understood the sentence the court could impose, and the court accordingly denied his motion to withdraw his guilty plea. Cabrera, represented by the public defender, appealed again but an excessive sentence panel of the Appellate Division on June 13, 1995, affirmed for the reasons the trial judge set forth at the January 20, 1995 hearing. Cabrera then filed a petition for certification with the New Jersey Supreme Court, which it denied.

Cabrera, represented by the public defender, next filed a verified petition for post-conviction relief in the Superior Court pursuant to N.J.Ct.R. 3:22. In his petition Cabrera set forth the background of the matter, and indicated that he sought relief from the judgment of conviction because his retained attorney rendered him ineffective assistance when he pleaded guilty. In particular, he asserted that when he entered into the plea agreement his attorney erroneously believed that he was subject to an extended term of imprisonment if convicted at trial and that the New York sentence would limit the New Jersey sentence. Cabrera further asserted that the retained attorney did not request Cabrera's presence at the hearing on July 9, 1993, before his first appeal on his pro se motion to withdraw his guilty plea, and that the attorney failed at the sentencing to argue that the New York sentence limited the New Jersey sentence.

Cabrera's petition asserted that because his retained attorney misinformed him regarding material elements of the plea agreement and sentence, the court should set his guilty plea aside. He argued that, at a minimum, he was entitled to a plenary hearing where he would testify that his attorney told him that he faced an extended term if convicted at trial and that his New York sentence would limit his New Jersey sentence. He contended that these "material and erroneous representations by" his retained attorney caused him to accept the plea agreement.

Obviously, Cabrera raised issues in his petition for post-conviction relief beyond those he had raised earlier at any of the previous appellate or trial court proceedings. Thus, as he explains on his brief on this appeal, "[t]he sole thrust" of his post-conviction relief petition centered on a claim that "his retained attorney was totally ineffective in representing him during both the plea and at sentencing." On the other hand, Cabrera had argued earlier

that his reasonable expectations of the consequence of the plea agreement had been frustrated and that he did not understand the circumstances with respect to his sentence when he pleaded guilty. Thus, Cabrera's attorney indicated at the argument on his post-conviction relief petition that the remand hearing had "nothing to do with [the] ineffective assistance of counsel claim whatsoever, and it's not even mentioned during the hearing. Nor really could it have been. It was in response to a direct order of the Appellate Division." The post-conviction relief judge recognized this change in focus as he had been the judge at all the earlier trial court proceedings. Accordingly, the judge at the hearing on the post-conviction relief petition in referring to the hearing on the remand, said: "[h]e had ample opportunity to raise these issues then. He had a lawyer who was every bit as good as you are, and you are good. He had a lawyer who is every bit as good as you are, could have raised them, and did not." Therefore, the judge denied the petition for post-conviction relief. The judge in reaching his result was relying on N.J.Ct.R. 3:22–4 which provides:

> Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule

unless the court on motion or at the hearing finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would. result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

In a written order entered on January 22, 1996, that was somewhat inconsistent with his actual decision, the trial judge ordered "that the Motion pursuant to *R.* 3:22–9 to Dismiss the Petition for Post–Conviction Relief as the grounds set forth in said Petition are barred pursuant to *R.* 3:22–4 and *R.* 3:22–5, be and the same is hereby GRANTED." The inconsistency is that N.J.Ct.R. 3:22–5 provides that a prior adjudication on the merits of a ground for relief is conclusive in a post-conviction relief proceeding. Obviously, a court cannot deny an issue on the merits if it is not raised.[1] In fact, as the transcript makes clear, the judge denied Cabrera post-conviction relief because Cabrera had not raised the ineffective assistance of counsel argument prior to advancing it in his petition for that relief.[2]

Cabrera then appealed again to the Appellate Division which affirmed on December 23, 1996. In its opinion, the court said that the judge denied the petition "essentially because it raised legal and factual

---

1. Of course, it is possible that some issues could be raised for the first time on a post-conviction relief proceeding and some issues could be renewed.

2. Cabrera makes much of the inconsistency arguing that "[t]he reliance on the two contradictory procedural bars pertaining to the single issue of ineffectiveness of counsel simply does not make sense." In fact, to anyone familiar with New Jersey practice it is understandable why the order referred to both Rules 3:22–4 and 3:22–5. The State in the post-conviction relief proceedings regarded the ineffective assistance of counsel argument as simply the reassertion of a claim of error that had "essentially been raised and rejected

on a prior appeal, but [was being] asserted in [a] slightly different manner." In New Jersey it is the practice for the prevailing party to submit the order reflecting the court's decision to the court, *see* N.J.Ct.R. 3:1–4, and, in harmony with that practice, the prosecutor prepared and submitted the order in this case. The order reflected the prosecutor's understanding but in fact, as the transcript of the post-conviction relief proceeding makes clear, the court denied relief because of state procedural default under Rule 3:22–4. The court could not have denied Cabrera's claim that his retained attorney had been ineffective on the basis of a prior adjudication of the claim as Cabrera had not raised the point earlier.

issues which were, or could have been, considered at the previous proceedings." The court then rejected Cabrera's arguments "substantially for the reasons set forth by the motion judge." The Appellate Division added, however, that its review of the record "confirms [the record's] inadequacy to demonstrate the likelihood of success necessary to establish a *prima facie* claim of ineffective assistance of defendant's retained counsel under *State v. Fritz*, [105 N.J. 42, 519 A.2d 336 (1987) ]." Cabrera then unsuccessfully sought certification from the New Jersey Supreme Court.

Cabrera next initiated these federal proceedings by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. In his petition, he asserted that the state trial court improperly dismissed his petition for post-conviction relief. He further contended that his retained attorney misinformed him about the elements and penal consequences of his plea and of the sentence he faced if convicted at trial. Moreover, he charged that the attorney was ineffective in arguing in support of his application to withdraw his plea of guilty, in failing to request his presence at the hearing on the motion, in not arguing at the sentencing that the New York sentence limited the New Jersey sentence, and in not clarifying Cabrera's understanding of the plea agreement at sentencing. He also claimed that the combination of errors constituted ineffective assistance of counsel.

The district court denied the petition in an opinion and order entered April 30, 1998. After setting forth the background of the case, the court indicated, citing *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991), that when "a state prisoner fails to raise a federal or state constitutional claim, in accordance with state rules of proce-

dure, the prisoner may not raise that claim in an attempt to obtain federal habeas relief." It stated that such a state court decision rests on independent and adequate state procedural grounds that preclude federal court review. *See id.* at 730, 111 S.Ct. at 2554. The court said, however, that federal relief may be available if the prisoner asserts "cause and prejudice" in the sense that some objective factor external to the defense impeded defense counsel's efforts to comply with the state's procedural rules. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

The court noted that Cabrera's raising of ineffective assistance of counsel claims in the post-conviction relief proceeding implicated N.J.Ct.R. 3:22–4, which precludes granting relief on a ground that could have been but was not raised in a prior proceeding. The court recognized that Cabrera argued that in *State v. Preciose*, 129 N.J. 451, 609 A.2d 1280 (1992), the New Jersey Supreme Court held that Rule 3:22–4 did not bar raising ineffective assistance of counsel claims in a post-conviction relief proceeding because such a claim may depend on facts not in the record and on which an appellant could not have relied on direct appeal. The court then indicated that in *State v. Moore*, 273 N.J.Super. 118, 641 A.2d 268 (1994), the New Jersey Superior Court, Appellate Division, held that, notwithstanding *Preciose*, Rule 3:22–4 barred a defendant from raising an ineffective assistance of counsel claim in a post-conviction relief proceeding if the claim related to events at trial that were in the record and thus could have been raised on direct appeal.[3]

The district court felt that the situation before it largely paralleled that in *Moore*, explaining as follows:

---

**3.** Our reading of *Moore* is somewhat different. While the *Moore* court did indicate that the claim of ineffective assistance of counsel in an earlier appeal to the Appellate Division could have been raised in a petition for certification

to the Supreme Court, it did not hold that Rule 3:22–4 barred its consideration of the claims. *See* 641 A.2d at 272. Moreover, it adjudicated the claims on the merits and rejected them. *See id.* at 273.

The ineffective assistance of counsel claims are all based on events that occurred in court, i.e., that counsel failed to intercede at sentencing on petitioner's behalf on the question of the New York controlling term; counsel's concurrence with the extended term exposure as well as supposed failure to request Petitioner's appearance at the plea withdrawal motion; and counsel's failure to argue any mitigating factors. Unlike. *Preciose,* these alleged failings do not exist outside the record.[4]

The court then said that Cabrera's claim that counsel misinformed him of the consequences of the plea should have been brought up at the January 20, 1995 remand hearing.

Consequently, the court concluded that by "failing to raise the ineffective assistance of counsel claims in accordance with R. 3:22–4 [Cabrera] may not obtain federal habeas relief on the basis of those claims." Thus, it denied Cabrera's petition and denied him a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).[5]

Cabrera then appealed and we granted him a certificate of appealability "with regard to [his] claims of ineffective assistance of counsel." We directed the parties in their briefs to address whether the state court's dismissal of Cabrera's post-conviction relief petition on procedural grounds was adequate under *Coleman,* and they have done as we directed.

## II. DISCUSSION

On this appeal, Cabrera makes two groups of arguments, one procedural and one substantive. First, he contends that *Coleman* does not preclude federal habeas corpus review because the state courts did not rely on an independent and adequate state ground for procedurally barring his ineffective assistance of counsel claim. Then he contends that his retained attorney rendered ineffective assistance of counsel by misinforming him of the sentence he faced, inadequately representing him at the original motion to withdraw the plea, and inadequately arguing at the sentencing that the New York sentence limited the New Jersey sentence. Cabrera also argues that his attorney failed to explain his understanding of the plea agreement and did not advance mitigating factors on his behalf at sentencing. We are exercising plenary review on this appeal, as the district court predicated its decision on the state court record rather than on independent fact finding. *See Zettlemoyer v. Fulcomer,* 923 F.2d 284, 291 n. 5 (3d Cir.1991).

A federal court on a habeas petition will not address a claim under federal law if, when the claim was presented to the state court, the court rejected the claim on a ground that was both "independent" of the federal issues and was "adequate" to support the state court's disposition. A state court's refusal to address a prisoner's federal claims because he has not met a state procedural requirement is both independent and adequate. *See Coleman,* 501 U.S. at 729–30, 111 S.Ct. at 2554; *Lambrix v. Singletary,* 520 U.S. 518, 523, 117 S.Ct. 1517, 1522, 137 L.Ed.2d 771 (1997) ("We have nonetheless held that the doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law."). Thus, even though a prisoner may have exhausted his federal claims in the state court without obtaining a decision on the merits, he may

---

4. The district court then said that Cabrera's "ineffective assistance . of counsel claims would have been proper for a PCR hearing." We are confident from the context that the court meant that the claims would not have been proper for a post-conviction relief proceeding as they could have been raised in a prior proceeding.

5. The court also said that there was no "objective factor external to the defense or 'cause' as to affect counsel's ability to follow the state's procedural rules." Cabrera does not challenge this holding on appeal.

be unable to obtain a decision on the merits in the federal courts.

■ Cabrera first presented his ineffective assistance of counsel claims in his state post-conviction relief petition. The state court rejected his claims as he had not raised them at the remand hearing following his first appeal. On the appeal, the Appellate Division affirmed substantially for the reasons that the trial judge set forth. Consequently, the basis for the state court's rejection of the ineffective assistance of counsel claims was state court procedural default as provided by Rule 3:22–4. Clearly, this disposition was an independent state ground.

■ We next consider whether the state court disposition was an adequate state ground for rejecting Cabrera's petition. In previous cases we have indicated that an adequate procedural ground is predicated on procedural rules that speak in unmistakable terms. Moreover, we have said that the procedural disposition must comport with similar decisions in other cases so there is a firmly established rule that is applied in a consistent and regular manner in the vast majority of the cases. *See Banks v. Horn,* 126 F.3d 206, 211 (3d Cir.1997). Of course, these conditions must have existed at the time of the state court procedural default. *See Doctor v. Walters,* 96 F.3d 675, 684 (3d Cir.1996). The reason for these requirements is that a petitioner should be on notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court.

■ The Supreme Court of New Jersey in *State v. Preciose* indicated that "petitioners are rarely barred from raising ineffective-assistance-of-counsel claims on post-conviction review." 609 A.2d at 1284–85. *Preciose* was consistent with New Jersey practice because the Appellate Division previously had stated that an ineffective assistance of counsel claim usually cannot be raised on a direct appeal because the record will not be adequate to support the claim. *See State v. Sparano,* 249 N.J.Super. 411, 592 A.2d 608, 613 (1991). On the other hand, if the record is adequate to consider an ineffective assistance of counsel claim on direct appeal, the claim can be raised at that time. *See Moore,* 641 A.2d at 272. Nevertheless to the best of our knowledge, the Supreme Court of New Jersey has not applied R. 3:22–4 to bar a post-conviction relief proceeding merely because the petitioner did not raise a proffered ineffective assistance of counsel claim on direct appeal, even if he could have done so. Furthermore, it appears that certain aspects of Cabrera's ineffective assistance of counsel claims depended on facts not in the record and that he therefore could not have raised them on direct appeal. Thus, if the state trial judge at the post-conviction relief proceeding refused to entertain Cabrera's ineffective assistance of counsel claims because Cabrera had not advanced them on direct appeal and thus had defaulted them, we would not find that the refusal was based on an adequate state ground.

That, however, is not what happened. As we already have explained, the judge at the post-conviction relief hearing pointed out that Cabrera at the remand hearing had "ample opportunity" to raise his ineffective assistance of counsel claims. That observation surely was correct. Inasmuch as Cabrera's attorney at that hearing was a public defender, not his original retained attorney, his attorney did not face a conflict of interest that would have discouraged him from advancing an ineffective assistance of counsel claim. Moreover, the judge at the hearing repeatedly gave Cabrera, who was present at the hearing, an opportunity to say "anything." Thus, Cabrera and his attorney did not have to rely on an intricate analysis of state law to determine whether they could advance the ineffective assistance of counsel claims at the remand hearing. Plainly, Cabrera could have presented those claims at that time as they certainly came within the wide open category of "anything." More-

**314**

over, the ineffective assistance of counsel claims involved the same issue of Cabrera's state of mind as did the issue of the withdrawal of the guilty plea, and it sought the same relief as the issue advanced at the remand hearing, the vacation of the guilty plea.

Inasmuch as the Appellate Division on the initial appeal remanded the matter to the trial court so that Cabrera could make an application to withdraw his guilty plea, the remand was part of the original case and therefore was a portion of the "proceedings resulting in the conviction" within R. 3:22–4.[6] Furthermore, the state judge could have expanded the scope of the remand to allow Cabrera to raise "anything" as the Appellate Division, though remanding for a specific purpose, did not limit the issues on the remand to those it set forth in its order. *See Kelley v. Curtiss,* 16 N.J. 265, 108 A.2d 431, 434 (1954); *Application of Plainfield–Union Water Co.,* 14 N.J. 296, 102 A.2d 1, 5 (1954). In fact, the exact opposite was true as the Appellate Division indicated that on the remand there could be "such further action as the parties and court find appropriate." Thus, there is no question but that on the remand Cabrera could have raised his ineffective assistance of counsel claims. He simply chose not to do so. Of course, allowing Cabrera to expand his claims by raising "anything" was consistent with the established New Jersey practice of not parceling "a controversy among several trial courts." *See Eleuteri v. Richman,* 26 N.J. 506, 141 A.2d 46, 48 (1958).

We realize that the Appellate Division, after affirming the dismissal of the post-conviction relief petition "for the reasons set forth by the motions judge," added "that our review of the record confirms its inadequacy to demonstrate the likelihood of success necessary to establish a *prima facie* claim of ineffective assistance of defendant's retained counsel under *State v.*

*Fritz,* [105 N.J. 42, 519 A.2d 336 (1987) ]." That comment, however, does not undermine our conclusion that the state courts rejected Cabrera's claim on an independent and adequate state basis, as the comment at most was an alternative holding. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 n. 10, 103 L.Ed.2d 308 (1989). Plainly the state courts rejected Cabrera's ineffective assistance of counsel claims on the basis of state court procedural default. *See Sistrunk v. Vaughn,* 96 F.3d 666, 673–75 (3d Cir.1996); *Alderman v. Zant,* 22 F.3d 1541, 1549–50 (11th Cir. 1994). Accordingly, federal habeas corpus review of the claims is barred.

### III.  CONCLUSION

For the foregoing reasons we will affirm the order of April 30, 1998.

---

**6.** We note that the New Jersey Supreme Court speaks expansively of Rule 3:22–4 applying if a petitioner "could have, but did not,

raise the claim in a *prior proceeding." Preciose,* 609 A.2d at 1284. Surely the remand hearing was a prior proceeding.