Robert RICHARDSON, Appellant,

v.

WARDEN, S.C.I. HUNTINGDON; Attorney General, Commonwealth of Pennsylvania; District Attorney, Philadelphia County.

No. 04–1112.

United States Court of Appeals, Third Circuit.

Argued Nov. 18, 2004.

Decided Feb. 8, 2005.

Cheryl J. Sturm (Argued), Chadds Ford, PA, for Appellant.

Marilyn F. Murray (Argued), Office of District Attorney, Philadelphia, PA, for Appellees.

Before: SCIRICA, Chief Judge, MCKEE and CHERTOFF, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

This habeas corpus case involves a straightforward application of *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (Pa.1977). The District Court denied petitioner's ineffective assistance of counsel claim. Because we agree that petitioner has procedurally defaulted this claim, we will affirm.

Following a jury trial in the Court of Common Pleas for Philadelphia County, Petitioner Robert Richardson was convicted of first degree murder, criminal conspiracy, and possessing an instrument of crime. On July 16, 1997, he was sentenced to life in prison.[1] His sentence was affirmed by the Pennsylvania Superior Court,[2] and the Pennsylvania Supreme Court denied allocatur on July 10, 2000. Richardson filed a petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq., alleging ineffective assistance by his trial counsel, which was denied on September 12, 2001. The Superior Court affirmed on October 2, 2002,[3] and Richardson did not seek allocatur in the Pennsylvania Supreme Court.

Richardson filed a petition for habeas corpus in the Eastern District of Pennsylvania on February 3, 2003, in which he raised four claims. First, he contends trial counsel's representation of another client gave rise to a conflict of interest which adversely affected his ability to present a defense on behalf of petitioner, thus constituting ineffective assistance of counsel. Second, he argues trial counsel was inef-

---

1. Richardson was represented at trial and sentencing by Tariq Kareem El–Shabazz.

2. *See Commonwealth v. Richardson,* 752 A.2d 424 (Pa.Super.2000) (table). Beginning with this direct appeal, Richardson has been represented at all times by Cheryl J. Sturm.

3. *See Commonwealth v. Richardson,* No. 2763 EDA 2001, 815 A.2d 1130 (Pa.Super.2002) (table).

fective because he failed to object to the Commonwealth's use of a prior inconsistent statement. Third, Richardson contends trial counsel was ineffective for failing to present favorable testimony he had alluded to in his opening statement. And finally, he claims the trial court erred when it permitted the Commonwealth to use prior consistent statements to rehabilitate a witness's credibility. The District Court denied Richardson's petition on December 19, 2003, and granted a certificate of appealability with respect to petitioner's first claim.

■ The District Court had jurisdiction over Richardson's habeas corpus petition pursuant to 28 U.S.C. § 2254(a). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. Our review of the District Court's legal conclusion is plenary. *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361, 368 (3d Cir.2002). Because we find petitioner's first claim to be procedurally defaulted, we will affirm.

Petitioner's conflict of interest claim is rooted in allegations that attorney El–Shabazz, who represented Richardson at trial, served as counsel to co-defendant Clifford Brown in a separate criminal matter. According to petitioner, this dual representation gave rise to a conflict of interest that caused El–Shabazz to render ineffective assistance of counsel at trial. Richardson raised this claim for the first time on collateral appeal to the Pennsylvania Superior Court.

The Superior Court found that Richardson had waived the claim because he did not raise it on direct appeal. Noting that Pennsylvania law requires claims of ineffectiveness to be raised "at the earliest stage in the proceedings at which the allegedly ineffective counsel no longer represent[s] the appellant," the Superior Court held that Richardson—who had retained new counsel following trial—had waived this claim. *Commonwealth v. Richardson,* No. 2763 EDA 2001, slip op. at 4–6 [JA80–81].

Where the state court has refused to address the merits of a habeas petitioner's constitutional claim based upon an adequate and independent state procedural rule, the claim is procedurally defaulted and will not be considered by a federal court on habeas review. *Harris v. Reed,* 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *see also Reynolds v. Ellingsworth,* 843 F.2d 712, 717 (3d Cir. 1988) ("[A] federal court must assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into claims of constitutional error in a state conviction"). To determine whether the rule of procedure relied upon by the Pennsylvania Superior Court is "adequate and independent," we consider three factors: "whether the state procedural requirement is stated in 'unmistakable terms,' whether the state court[ ] ha[s] refused to review the claims on the merits, and whether the state court['s] refusal in this instance is 'consistent' with other state decisions." *Reynolds,* 843 F.2d at 719 (quoting *Wainwright v. Sykes,* 433 U.S. 72, 85–86, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

The Pennsylvania rule at issue is the former requirement that claims of ineffective assistance must be raised as soon as the defendant is no longer represented by the allegedly ineffective attorney. The Pennsylvania Supreme Court first articulated this rule in 1977 in *Commonwealth v. Hubbard:*

> The rule ... is that ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial

counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review.

472 Pa. 259, 372 A.2d 687, 695 n. 6 (Pa. 1977). Applying the three *Reynolds* factors, it is clear that the *Hubbard* rule—at the time it was applied to Richardson—was an adequate and independent state rule. The *Hubbard* rule is clear and stated in unmistakable terms. The Pennsylvania Superior Court specifically refused to review Richardson's ineffectiveness claim because he had not raised it on direct appeal, when he first ceased to be represented by Mr. El–Shabazz. And finally, the *Hubbard* rule was well-established in Pennsylvania and was applied by the Superior Court consistently in other cases. *See, e.g., Commonwealth v. Laird,* 555 Pa. 629, 726 A.2d 346, 354 (Pa.1999); *Commonwealth v. Green,* 551 Pa. 88, 709 A.2d 382, 383 (Pa.1998); *Commonwealth v. Griffin,* 537 Pa. 447, 644 A.2d 1167, 1170 (Pa.1994). Accordingly, we find the *Hubbard* rule, as it was applied to petitioner, to be an adequate and independent state procedural rule.

It bears noting that since its application to petitioner's case, the *Hubbard* rule has been abandoned. In *Commonwealth v. Grant,* the Pennsylvania Supreme Court held that ineffective assistance claims should be raised on collateral review. 572 Pa. 48, 813 A.2d 726, 737–38 (Pa.2002). As a result of this new rule, "a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness." *Id.* at 738. In addition to announcing this new rule, the *Grant* Court considered the scope of its application:

> Although new rules of procedure of non-constitutional dimension are commonly applied only to the case currently pending before the court and to cases prospectively . . . in this instance we believe that the considerations set forth in *Blackwell* [*v. Com., State Ethics Com'n,* 527 Pa. 172, 589 A.2d 1094 (1991)] will be best served by retroactive application of the new rule. The purpose of the new rule will be served since defendants will no longer be compelled to raise ineffectiveness claims on an undeveloped record; although the parties may rely on the old rule of law and raise ineffectiveness claims, neither party will be harmed by application of the new rule since claims of ineffectiveness can be raised in a collateral proceeding; finally, the administration of justice will be served since the rule announced today provides a clearer and more concise standard for both courts and the parties to follow. Thus, the new rule we announce today will apply to the instant case as well as those cases currently pending on direct appeal where the issues of ineffectiveness have been properly raised and preserved.

*Id.* at 738–39 (citations omitted). The *Grant* Court also specifically held that the new rule would have "no effect on cases currently pending on collateral review." *Id.* at 739 n. 16.

When the *Grant* opinion was issued on December 31, 2002, Richardson's direct appeal had been closed for over two years and his state collateral proceedings were completed. By its express terms, then, the rule announced in *Grant* did not apply to Richardson. *See Villot v. Varner,* 373 F.3d 327, 335 n. 8 (3d Cir.2004) (noting that the *Grant* rule has "no application" where habeas petitioner's "direct and collateral state proceedings had long been closed by the time *Grant* was issued"). Rather, because Richardson's direct appeal had concluded before *Grant* issued, the *Hubbard* rule—which required him to

raise his ineffectiveness of trial counsel claim on direct appeal—applied to Richardson.[4]

Accordingly, the Pennsylvania Superior Court's decision to find petitioner's claims waived was a consistent application of an independent and adequate state procedural rule. Thus, Richardson's ineffective assistance of trial counsel claim is procedurally defaulted. *See Harris*, 489 U.S. at 260.

■ This court may review a procedurally defaulted claim only where petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner alleges that the facts underlying the alleged conflict of interest were not known to appellate counsel at the time of his direct appeal, thus giving rise to "cause" excusing his default. *See id.* at

753 (cause may exist where "the factual or legal basis for a claim was not reasonably available to counsel") (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). In this case, however, petitioner knew of the factual basis for the alleged conflict of interest claim over five months before he defaulted the claim by not raising it on direct appeal. Significantly, petitioner's failure to raise this claim on direct appeal was not the result of a state effort to conceal facts. It may have been the result of counsel's decision not to raise the claim, or failure to fully develop the claim, or failure to appreciate the significance of the facts discovered five months earlier. Whatever the reason, petitioner has not demonstrated "cause" that would excuse his default. Furthermore, petitioner has failed to demonstrate that he is actually innocent, a requirement of the "fundamental miscarriage of justice" exception to procedural default. *See Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).[5]

4. Petitioner argues that the Pennsylvania Supreme Court's subsequent modification of the *Hubbard* rule compels a finding that the former rule is "obsolete," served no legitimate state interest, and should not be applied to his alleged waiver. In light of *Grant*, he argues, *Hubbard* can no longer be considered an "adequate" rule of state procedure.

Whether a rule is firmly established and thus "adequate," however, is determined by reference to state jurisprudence at the time of the alleged procedural default. *See Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir.1999); *Doctor v. Walters*, 96 F.3d 675, 684 (1996) (citing *Reynolds*, 843 F.2d at 722). One reason for determining questions of procedural default by reference to the waiver law in effect at the time of the alleged waiver is notice; that is, "a petitioner should be on notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court," and he can only be on notice of those rules effective contemporaneous to his direct appeal and PCRA petition. *Cabrera*, 175 F.3d at 313. Furthermore, were we to adopt petitioner's

reading of retroactivity—under which all rules abandoned by way of subsequent case-law become "obsolete"—every new rule of procedure would have unlimited retroactive reach. And finally, assessment of state habeas petitioners' compliance with the procedural rules in effect at the time of their state court proceedings advances principles of comity and federalism by ensuring that petitioners do not obtain federal habeas review of constitutional claims which—due to their own non-compliance—have not been reviewed first by the state court system.

Thus, despite petitioner's contention that application of the *Hubbard* rule is a "sham," we are convinced it is the correct analytical lens through which to approach waiver in this case. *Accord Villot*, 373 F.3d at 335.

5. Because we find federal habeas review of petitioner's claim barred by his procedural default, we need not reach the question of whether the Pennsylvania Superior Court's alternative holding—that trial counsel did not labor under a conflict of interest—constitutes an unreasonable application of clearly established federal law.

Federal review of petitioner's habeas review is barred due to his unexcused procedural default. We affirm.