

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2006

# Peterson v. Brennan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2797

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Peterson v. Brennan" (2006). *2006 Decisions*. Paper 417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-2797 & 04-3081

EDWARD C. PETERSON,

Appellant at No. 04-2797

v.

EDWARD BRENNAN;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

IN RE:  EDWARD C. PETERSON,

Petitioner at No. 04-3081

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 97-cv-03477
(Honorable Jan E. DuBois)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006

Before:  SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed September 26, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Pennsylvania inmate Edward Peterson is serving two life sentences for first degree murder. He appeals from the District Court's order denying his petition for a writ of habeas corpus. For the following reasons, we will affirm.

I.

Following a jury trial in the Philadelphia Court of Common Pleas, Edward Peterson was convicted on March 10, 1988, of two counts of first degree murder. He is currently serving a life sentence for each conviction. Peterson first sought habeas relief in federal court in 1987, before his state trial concluded. His petition was dismissed for failure to exhaust state remedies. We affirmed on February 29, 1988. While his post-trial motions were pending in state court, Peterson filed a second habeas petition in federal court, which was also dismissed for failure to exhaust state remedies. We dismissed his appeal for lack of appellate jurisdiction.

Peterson returned to state court in May 1992 and filed a petition under Pennsylvania's Post-Conviction Relief Act (PCRA), seeking to reinstate his right to a direct appeal. After the PCRA court reinstated Peterson's direct appeal rights, the Pennsylvania Superior Court affirmed his convictions and sentences. The Pennsylvania Supreme Court denied allowance of appeal on May 22, 1996.

Peterson filed another habeas petition in federal court on May 19, 1997, alleging nine new grounds of ineffective assistance of counsel. The District Court denied the petition without prejudice for failure to exhaust state remedies. Appellees then filed a

2

motion for reconsideration on August 26, 1998, arguing the petition should have been dismissed with prejudice because Peterson's claims were procedurally barred by the waiver and statute of limitations provisions in the PCRA, and Peterson did not fit within any exceptions to the provisions. The District Court denied appellees' motion. Peterson returned to state court in 1999 and filed a second PCRA petition, which was dismissed as untimely. His second PCRA proceedings terminated on April 30, 2001, when the Pennsylvania Supreme Court denied allowance of appeal.

Peterson filed a pro se Verified First Amended Habeas Petition in federal court on May 10, 2001, and a pro se Verified Second Amended Habeas Petition on December 3, 2001. In this petition, he raised forty-seven claims of error, including appellate ineffective assistance of counsel claims, *Brady* violations, trial court errors, errors by the PCRA court, and loss of exculpatory records and statements made by prosecution witnesses. The Magistrate Judge initially recommended equitably tolling the one-year period of limitation prescribed in the Antiterrorism and Effective Death Penalty Act (AEDPA). He also concluded that all but four of Peterson's claims were procedurally defaulted because he did not raise those claims either on direct appeal or in a timely PCRA petition, and that his exhausted claims lacked merit. Accordingly, the Magistrate Judge recommended denying the petition without an evidentiary hearing.

Peterson filed objections, and in a letter dated March 7, 2002, requested leave to supplement his habeas petition to include a claim that the accomplice liability jury instruction violated due process because it did not require a jury finding of specific intent

3

in order to convict of first degree murder. He argued that the jury instruction was materially indistinguishable from an accomplice instruction claim held unconstitutional in *Laird v. Horn*, 159 F. Supp. 2d 58, 83 (E.D. Pa. 2001). Peterson also claimed he did not previously know of the constitutional violation because appellees withheld the trial transcripts from him. Without addressing these issues, the District Court adopted the Magistrate Judge's Report and Recommendation, and denied and dismissed Peterson's amended petition without an evidentiary hearing.

On January 9, 2003, Peterson filed a Motion for Reconsideration under Fed. R. Civ. P. 59(e), citing twelve grounds. On June 15, 2004, the District Court granted the motion in part and denied it in part. In considering the motion, the District Court denied nunc pro tunc Peterson's Motion to Supplement setting forth his accomplice instruction claim because the claim was untimely under the AEDPA and did not relate back to his 2001 habeas petition. The District Court ordered Peterson's Motion to Supplement transferred to this Court under 28 U.S.C. § 1631 to determine whether the accomplice instruction claim could be considered as a successive habeas petition. The District Court also issued a Certificate of Appealability on whether the PCRA statute of limitations is an adequate state ground to preclude habeas review of the claims raised for the first time in Peterson's untimely 1999 PCRA petition.

II.

In his brief, Peterson contends that his accomplice instruction claim relates back to his 2001 habeas petition and that the District Court has authority to consider it. He also

4

argues that the PCRA statute of limitations is not an adequate state ground to preclude habeas review of his claims.[1]

A.

The District Court determined Peterson's accomplice liability claim, presented in a Motion to Supplement his 2001 habeas petition, was untimely and did not "relate back" to the 2001 petition. Accordingly, the District Court held the Motion to Supplement, setting forth the accomplice instruction claim, was a second or successive habeas petition which the court lacked jurisdiction to consider under 28 U.S.C. § 2244(b)(3).[2] Invoking the federal transfer statute, 28 U.S.C. § 1631, and citing opinions from the Courts of Appeals for the Seventh and Tenth Circuits, the District Court transferred the claim to this Court. While neither party disputes the District Court's authority to do so, Peterson claims the District Court erred in treating the accomplice liability claim as a second or successive habeas petition. Appellees contend that Peterson failed to obtain a Certificate of Appealability granting us jurisdiction to consider whether the District Court erred.

In our view, the District Court should not have treated Peterson's claims in his Motion to Supplement as a successive petition. Under 28 U.S.C. § 1631, a district court

---

[1] We have plenary review of the District Court's legal conclusions in a habeas proceeding. *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

[2] The statute reads, in part, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

5

may transfer a motion requesting authorization to file a second or successive petition to the court of appeals when that motion has been erroneously brought before the district court. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Citing *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), the District Court held Peterson's accomplice liability claim "may only be considered if it is treated as a successive habeas petition." But *Pridgen* considered whether, after the district court had already issued a judgment on a habeas petition, a subsequently filed Fed. R. Civ. P. 60(b) motion was "in essence a second or successive habeas petition." 380 F.3d at 724. Here, Peterson filed his Motion to Supplement on March 7, 2002, before the District Court ruled on the habeas petition. But the District Court did not rule on that motion prior to Peterson's filing his Motion for Reconsideration. Examining Peterson's claims under his Motion for Reconsideration, the District Court corrected its oversight and considered the Motion to Supplement nunc pro tunc – that is, as if it had considered it when originally presented.

As such, *Pridgen* is inapposite. The relevant question here is whether Peterson's Motion to Supplement qualifies as a "second or successive" habeas petition subject to 28 U.S.C. § 2244. This determination depends on whether a final judgment has already been rendered on the merits of a prior habeas petition. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . "). Here, § 2244 does not apply because the District Court had not yet rendered a judgment on the merits

6

of any claims in the petition when Peterson filed his Motion to Supplement or when the District Court denied it as untimely. Because § 2244(a) does not apply, the District Court erred when it construed Peterson's accomplice liability claim as a successive habeas petition. For these reasons, we will deny as unnecessary the request for authorization to file a second or successive petition.

The District Court was nonetheless correct to consider whether the Motion to Supplement "related back" to the original habeas petition.[3] Peterson submitted his Motion to Supplement long after the one-year period of limitation had lapsed. *See* 28 U.S.C. § 2244(d). As we explained in *United States v. Thomas,* 221 F.3d 430 (3d Cir. 2000), allowing a habeas petitioner to amend a habeas petition in order to raise a new claim or new theory of relief would frustrate Congress' intent under the AEDPA. *Id.* at 434, 435. But we also held that, insofar as a petitioner seeks to amend his petition to "provide factual clarification or amplification after the expiration of the one-year period of limitations," then Fed. R. Civ. P. 15(c)(2) – describing when an amendment relates back to an original pleading – governs.[4] The District Court, invoking *Thomas,* held the

---

[3] The District Court did not issue a Certificate of Appealability on this question. Although we may not hear issues on appeal that are not within the scope of a COA, *see* 28 U.S.C. § 2253(c)(3), we may expand the COA sua sponte, *see Villot v. Varner*, 373 F.3d 327, 337 n.13 (3d Cir. 2004). In light of the District Court's decision to transfer Peterson's accomplice liability claim without considering whether a COA would be appropriate, we will expand the COA issued by the District Court to include review of its Rule 15(c) analysis.

[4] Although we have not explicitly held that *Thomas*'s holding applies to § 2254 (state
(continued...)

7

accomplice liability claim did not "relate back" because, contrary to the requirements of Rule 15(c)(2), the claim did not arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Peterson contends his ability to timely file for habeas review of his accomplice liability instruction claim is "directly related" to his failure to obtain trial transcripts – an issue he had raised in his 2001 petition – and he should be allowed to supplement his petition.

We disagree. "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999). If the new claim being asserted is "a separate occurrence in both time and type" from the previous claim, then it cannot be said that "the original petition would provide notice of such a different theory." *See id.* (holding an amendment to a petition, seeking to add a claim concerning failure to file an appeal, was distinct from a claim concerning failure to pursue a downward departure, and was thus time barred). Peterson's claim in his Motion to Supplement is a separate occurrence "in both time and type" from his claim that the appellee allegedly failed to provide him with trial transcripts. It accordingly is an entirely new claim, one which does not "relate back" to the 2001 petition and cannot be added after the limitation period has elapsed. *See Crews*

---

[4](...continued)
custody) petitioners, neither party disputes the District Court's application of *Thomas* to this case. Additionally, 28 U.S.C. § 2242 allows habeas petitions to be "amended or supplemented as provided in the rules of procedure applicable to civil actions."

*v. Horn*, 360 F.3d 146, 154 n.5 (3d Cir. 2004). We see no error in the District Court's analysis on this point.

Because we agree with the District Court that Peterson's Motion to Supplement is time barred, we will affirm its determination in this regard. We disagree, however, that the motion constitutes a second or successive habeas petition, and we deny as unnecessary the request for authorization to file Peterson's motion under § 2244(b).

B.

We consider next whether the PCRA statute of limitations is an adequate state ground to preclude habeas review of the claims raised for the first time in Peterson's untimely 1999 PCRA petition. The PCRA provides that a post-conviction petition must be filed "within one year from the date that the judgment of sentence becomes final." 42 Pa C.S.A. § 9545(b)(1). If not filed within the requisite time, a petition must invoke one of three outlined exceptions. *See id.* The PCRA's timeliness requirement is "jurisdictional in nature," and failure to meet the requirement will render a court powerless to address the merits of the underlying claim. *Commonwealth v. Wilson*, 824 A.2d 331, 334 (Pa. Super. Ct. 2003).

A federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Lambrix v. Singletary*, 520 U.S. 518, 522 (1997). "A state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule

9

speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions." *Doctor v. Walters*, 96 F.3d 675, 684 (3d Cir. 1996) (internal citations omitted). Because of concerns that the "petitioner should be on notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court," *Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir. 1999), the applicable rule must have been "firmly established" and "regularly applied" at the time of the state court procedural default, *Doctor*, 96 F.3d at 684.

Peterson argues the statute of limitations provision of the PCRA is not an adequate state ground for denying habeas review. Relying only on the third *Doctor* prong, he contends a judicially-created exception to the PCRA time limits – the "relaxed waiver" rule, invoked by Pennsylvania courts to waive, in certain cases, the PCRA statute of limitations and review untimely petitions on the merits – has been inconsistently applied, and thus its availability is "less than perfectly clear." (Appellant Br. 38.) Rejecting Peterson's argument, the District Court held that the relaxed waiver rule has never been applied in a non-capital case during the relevant time period. Although Peterson concedes that no Pennsylvania court has applied the relaxed waiver rule in non-capital cases, he nevertheless argues that several cases question the clarity of the rule's application in non-capital cases.

Peterson points to two Pennsylvania Supreme Court cases overturning Superior Court efforts to expand the scope of the relaxed waiver, and argues that these decisions

illustrate "case law was clearly evolving from 1999 through 2003." (Appellant Br. 41.)

In *Commonwealth v. Eller*, the Pennsylvania Supreme Court considered whether its previous decision in *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999) – in which it held the PCRA "provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal" – was a new rule of procedure that could not be applied retroactively. 807 A.2d 838 (Pa. 2002). The Pennsylvania Supreme Court held its decision in *Lantzy* did not raise retroactivity concerns, despite Superior Court decisions to the contrary, because it merely clarified existing law when it engaged in straightforward statutory interpretation. *Id.* at 842-43 ("[W]hen the Court in *Lantzy* held that claims seeking restoration of appellate rights due to counsel's alleged failure to perfect a requested direct appeal are cognizable under the PCRA . . . it was not creating a new judicial rule of procedure, but instead was interpreting and applying the plain language of the statute.").

In the second case, *Commonwealth v. Robinson*, the Pennsylvania Supreme Court considered the validity of the "extension theory," which "construes an untimely, serial PCRA petition as if it were an 'extension' of a timely, but previously dismissed, first PCRA petition in cases where an appeal was taken from the denial of the first petition, but the Superior Court ultimately dismissed the appeal when the PCRA appellant failed to file a brief." 837 A.2d 1157, 1158 (Pa. 2003). The *Robinson* court held "neither the language of the statute nor this Court's decisional law authorizes suspension of the time-bar in instances where the petitioner is seeking *nunc pro tunc* appellate relief or

11

reiterating claims which were litigated on a previous petition," making it impossible for the statute to "bear the Superior Court's interpretation" allowing for an extension theory. *Id.* at 1161-62.

Peterson points to these cases to argue that the PCRA's timeliness bar has not been absolutely applied by Pennsylvania courts, and thus cannot be considered an "adequate state ground" to deny habeas relief. But we have never said that a procedural rule must be uniformly and absolutely applied in all instances in order to be considered "consistently or regularly applied." Rather, "if a state supreme court faithfully has applied a procedural rule in 'the vast majority' of cases, its willingness in a few cases to overlook the rule and address a claim on the merits does not mean that it does not apply the procedural rule regularly or consistently." *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997). Although Peterson cites instances in which the Pennsylvania Superior Court has relied on certain legal theories to circumvent the PCRA's timeliness provisions, these cases are few in number and narrowly tailored in both reasoning and application. More importantly, the Pennsylvania Supreme Court, in the decisions Peterson cites, repeatedly makes plain that the PCRA's timeliness requirements have been consistently applied. Both *Eller* and *Robinson* are efforts to rein in any potential future erosion of the statute of limitations wrought by these "occasional acts of grace . . . in excusing or disregarding" the procedural rule. *See Banks*, 126 F.3d at 211. But those "occasional acts of grace" do not point to any application of the relaxed waiver rule so inconsistent as to undermine the adequacy of the PCRA's timeliness provisions. Accordingly, we will affirm the District

12

Court's order that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief.

III.

For these reasons, we will affirm the District Court's order denying Peterson's habeas corpus petition. We also deny as unnecessary the District Court's transfer of the accomplice liability claim to this Court for authorization to hear the claim as a second or successive habeas petition.