**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0400-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DASHAND D. CHASE,

     Defendant-Appellant.

_____

> Submitted October 2, 2019 – Decided November 21, 2019
>
> Before Judges Sabatino and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 10-01-0139, 11-03-0681, and 12-03-0734.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Dashand D. Chase appeals from a June 14, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm in part, reverse in part, and remand for further proceedings.

Defendant was charged in three indictments with first and second-degree robbery, witness tampering, and related charges arising out of an incident at Bally's Casino in Atlantic City. Except for a single charge of conspiracy to commit armed robbery, on which the jury hung, defendant was convicted on all the remaining counts in the indictments.[1]

The trial judge, who was also the PCR judge, sentenced defendant to an aggregate sentence of fifty years of imprisonment with a period of parole ineligibility of twenty-nine years, five months, and fourteen days. We affirmed defendant's convictions and sentence on direct appeal, State v. Chase, No. A-1209-12 (App. Div. Aug. 14, 2015), and the Supreme Court denied certification. State v. Chase, 224 N.J. 246 (2016).

Subsequently, on a joint application to reconsider defendant's sentence, the court resentenced defendant to an aggregate twenty-five-year term of

[1] The first indictment also charged co-defendant Tony L. Burnham ("Burnham") with conspiracy and robbery-related charges. The jury was unable to reach a verdict on the charges against Burnham.

A-0400-18T1

imprisonment with a period of parole ineligibility shortly in excess of sixteen years. The court also assessed applicable fines and penalties. An excessive sentencing panel of our court affirmed defendant's sentence but remanded the matter for the court to amend the judgment of conviction "to include the proper number of jail credits . . . and/or gap-time credits . . . ."

Defendant filed a pro se PCR petition which he supplemented with a letter brief and appendix. Defendant was appointed PCR counsel but subsequently requested that the court permit him to prosecute his pro se petition without the assistance of appointed counsel. The court granted defendant's application and heard oral arguments, after which it denied defendant's petition in a June 14, 2018 written decision and accompanying order. Defendant filed a motion for reconsideration, which the court denied in a July 12, 2018 letter opinion and order

In the PCR court's June 14, 2018 written opinion, it first determined that defendant's petition was timely filed. The court then addressed the arguments raised by defendant's previously appointed PCR counsel, as well as those raised in defendant's supplemental letter brief.[2]

---

[2] The parties have not submitted the brief submitted by defendant's PCR counsel. In its written decision, the PCR court catalogued the issues raised by
(continued)

First, PCR counsel maintained that defendant's trial counsel was ineffective for failing to impeach the victim, who was the State's key witness, with a prior inconsistent statement made to a detective and which was contained in a police report. Second, PCR counsel argued that defendant's trial counsel was ineffective for failing to object to the State's use of a redacted printout from defendant's Myspace web page. Defendant also maintained that the State altered the document, made misrepresentations to the court, and without the improper alteration, he would have been exonerated as the accurate document implicated Burnham. Third, PCR counsel maintained defendant's trial counsel was ineffective for failing to challenge the complaint-warrants as they were forged, not appropriately executed by a judicial officer, and there was an absence of probable cause for his arrest.

In addition, the PCR court identified the following arguments raised by defendant in his pro se petition: "(1) his conviction should be reversed because there was an issue with the jury charge; specifically that the [c]ourt erroneously included lesser[-]included offenses in the jury charge; (2) the State failed to prove certain elements of the convicted offenses and therefore the [c]ourt should

PCR counsel and no party on appeal has claimed that the court failed to address any issue raised by PCR counsel.

A-0400-18T1

have granted his motion for a judgment notwithstanding the verdict; (3) the [g]rand [j]ury transcripts presented at trial were not provided to . . . [defendant] . . .; (4) [the investigating detective's] police report should have been admitted as evidence; and (5) . . . the State coached [the victim's] testimony in order to frame . . . [defendant]."

With respect to the three arguments raised by defendant's PCR counsel, the court characterized trial counsel's performance as "thorough, lawyerly, and targeted" and not "outside the range of professionally competent assistance." The court comprehensively addressed each argument individually and concluded defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987) (Strickland/Fritz). In addition, the court determined that defendant failed to establish he was entitled to relief under United States v. Cronic, 466 U.S. 648 (1984).

With respect to defendant's pro se arguments, the court concluded that the claims were procedurally barred under Rule 3:22-3, as they should have been raised on direct appeal. In addition, the court determined that defendant failed to raise properly, or establish, a claim for ineffective assistance of counsel with

A-0400-18T1

respect to certain of his pro se claims. Finally, relying on State v. Preciose, 129 N.J. 451, 462 (1992), the court concluded that because defendant failed to establish a prima facie case for ineffective assistance of counsel, an evidentiary hearing was not warranted. This appeal followed.

Defendant, in his pro se brief, raises the following points:

> POINT ONE
>
> DURING OPENING STATEMENT A FACT WAS CLEARLY ADMITTED THAT REQUIRED AN ACQUITTAL.
>
> POINT TWO
>
> PERJURIOUS TESTIMONY WAS USED BY THE STATE TO DEPRIVE THE DEFENDANT OF HIS FREEDOM.
>
> POINT THREE
>
> THE STATE ALTERED THE MYSPACE PRINTOUT BECAUSE IT IDENTIFIED CO-DEFENDANT BURNHAM AS THE SECOND ROBBERY SUSPECT.

In addition, defendant's PCR counsel raises the following issue:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BEAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL AND APPELLATE COUNSELS' FAILURE TO PURSUE THE TRIAL COURT'S ERRONEOUS SECOND-DEGREE ROBBERY CHARGE TO THE JURY.

A-0400-18T1

We find no merit to the contentions raised by defendant in his pro se brief and affirm for the reasons stated by the PCR judge in his twenty-three-page written decision of June 14, 2018. We agree with the PCR judge that the defendant failed to establish either prong of the Strickland/Fritz test with respect to those claims and similarly failed to establish that defendant's claims warrant relief under Cronic.

In addition, we note that the manner in which defendant characterizes the issues on appeal are different than how he presented the arguments to the PCR court in his supplemental letter brief. We are satisfied, however, from our review of the record that these issues were either raised by defendant's previous PCR counsel or defendant in some iteration and addressed by the PCR court. Accordingly, we considered the arguments on the merits and have not considered any of defendant's pro se arguments waived. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229 (1973).[3]

We reach a slightly different conclusion, however, with respect to the sole issue raised by defendant's PCR counsel. Defendant contends that his trial counsel was ineffective for consenting at the charge conference that the jury

---

[3] We do, however, consider any other argument raised before the PCR court but not briefed on appeal to be waived. See N.J. Dep't of Env. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2005).

should be instructed on second-degree robbery when "[t]he underlying crime allegedly committed by defendant constituted first-degree robbery . . . [and] there existed no rational basis for a second-degree robbery [charge] as evidenced by the victim's testimony . . . ." He further argues, relying on State v. McKinney, 223 N.J. 475 (2015), that the inclusion of the second-degree robbery charge was plainly erroneous and suggests jury confusion caused by the improper introduction of the second-degree robbery offense in the jury charge. Defendant also contends his appellate counsel was constitutionally ineffective for failing to raise the issue on direct appeal.[4]

In McKinney, our Supreme Court analyzed a first-degree robbery conviction where the trial judge mistakenly instructed the jury with first and second-degree robbery, when only first-degree robbery had been charged in the indictment. Id. at 499. Although the judge in that case issued a curative instruction, he did not clarify that if the jury found the defendant did not commit robbery with a weapon, then the jury should find him not guilty of first-degree robbery. Id. at 500-01. The Court affirmed the reversal of the defendant's conviction, and further instructed trial courts in instances of discovered error in

_____

[4] Based on the record on appeal, it does not appear that defendant raised before the PCR judge the ineffectiveness of his appellate counsel. That claim is therefore not properly before us.

a jury instruction to specifically "inform the jury that it must find the defendant not guilty if it fails to find an element beyond a reasonable doubt." Id. at 502.

With respect to defendant's argument that his counsel was ineffective when he failed to object to the second-degree robbery charge, the PCR court concluded that the "claim should have been addressed on direct appeal pursuant to [Rule] 3:22-3." The court also maintained that defendant "failed to show trial counsel's ineffectiveness during the charge conference [and] [t]herefore, the [c]ourt conclude[d] that any issue regarding the jury charge [was] barred under [Rule] 3:22-3." We disagree with the court's conclusion that defendant's argument was procedurally barred under Rule 3:22-3.

"Under New Jersey case law, petitioners are rarely barred from raising ineffective-assistance-of-counsel claims on post-conviction review." Preciose, 129 N.J. at 459. Although defendant could have raised the underlying trial error in the proceedings resulting in the conviction, see Rule 3:22-4, he could not have raised his attorney's ineffectiveness to present those errors. "Our courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." Preciose, 129 N.J. at 460. Consequently, "[i]neffective-assistance-of-counsel claims are particularly suited for post-

conviction review because they often cannot reasonably be raised in a prior proceeding." Ibid. (citing R. 3:22-4).

In addition, we have previously explained that ineffective assistance of counsel claims are not barred by Rule 3:22-4:

> [I]neffective assistance of counsel claims, particularly ineffective assistance of appellate counsel, are congruous with the exceptions to the procedural bar of R. 3:22-4 because they (1) implicate issues that could not have been reasonably raised in prior proceedings; (2) involve infringement of constitutional rights; or (3) present exceptional circumstances involving a showing of fundamental injustice.
>
> [State v. Moore, 273 N.J. Super. 118, 125 (App. Div. 1994).]

Furthermore, although Rule 3:22-3 provides that a PCR proceeding "is not . . . a substitute for appeal from conviction," it has been observed that "such claims as ineffective assistance of trial counsel . . . are ordinarily not barred by this rule since direct appeal does not provide an appropriate remedy." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 3:22-3 (2019) (citing Preciose).

Here, defendant claims his counsel was ineffective for failing to object at the charge conference to the inclusion of the second-degree robbery charge. That alleged error in counsel's assistance is not a claim typically raised on direct

appeal as it involves evidence and allegations outside of the record. In sum, defendant's ineffective assistance of counsel claim was not procedurally barred. See State v. O'Neil, 219 N.J. 598, 616 (2014) (reversing conviction on ineffective assistance grounds where counsel failed to object to a jury charge that would have "almost certainly [led] to the reversal of defendant's aggravated-manslaughter conviction").

We acknowledge the distinctions between the facts here and those presented in McKinney. In McKinney, all counsel and the court agreed that second-degree robbery charge should not be included in the jury charge. Id. at 484. Here, the second-degree charge was included in the first indictment and defendant did not object to the court's instruction on the second-degree charge. Nevertheless, as we understand defendant's claims, he maintains that the erroneous inclusion of the second-degree charge could have led to jury confusion.

Our opinion should not be interpreted as an indication that we agree with the merits of defendant's claim that his counsel was ineffective for failing to object to the inclusion of the second-degree charge or that the defendant was prejudiced. We stress that we are reversing only that portion of the court's June 14, 2018 order to the extent it concluded defendant's claims were procedurally

barred by Rule 3:22-3. On remand, the court should address the merits of defendant's claim that his trial counsel was ineffective for failing to object to the inclusion of the second-degree jury charge under both prongs of the Strickland/Fritz test and determine if an evidentiary hearing is necessary.

To the extent not specifically addressed, defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0400-18T1