# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4460-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IGNACIO VASQUEZ,
a/k/a IGNACIO ORTIZ
VASQUEZ,

     Defendant-Appellant.

_____

Submitted November 18, 2021 – Decided March 18, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-12-0773.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ignacio Vasquez appeals from an April 23, 2020 order denying his post-conviction relief (PCR) petition without a hearing. We affirm, albeit on slightly different grounds than the PCR judge.

We discern the following facts from the record. In 2015, defendant lived with his girlfriend, Yuri Cruz, and their eight-year-old son, K.O., in a bedroom on the second floor of a rooming house in Rahway, New Jersey. On September 12, 2015, the Rahway Police Department responded to a 911 call regarding a suspicious death and discovered Cruz's body in her bed with obvious ligature marks around her neck and ruptured blood vessels in her eyes.

Defendant waived his Miranda rights and confessed in a videotaped statement to police. A Miranda hearing was held on April 24, 2018 to consider the admissibility of defendant's videotaped statements. As the video was played, defendant became "visibly emotional" and, after consulting with counsel, entered an "open" guilty plea to first-degree murder, N.J.S.A. 2C:11-3(a)(1) and/or (a)(2) (count one); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2) (count two). In his allocution, defendant admitted to strangling Yuri and leaving K.O. alone with his dead mother's body for some time.

A-4460-19

At the June 8, 2018 sentencing hearing, defendant's attorney stated he would not "go through the aggravating and mitigating factors" because he knew the State would. Defense counsel argued, however, that he "never represented a . . . man in this situation, who was more melancholy, sad, disconsolate, . . . [or] morose[.]" Trial counsel stated defendant was "depressed . . . over what had happened[,]" and "had no excuse for his behavior." Counsel noted defendant cooperated with the detectives, and at the <u>Miranda</u> hearing he "wanted to admit what he had done and recognize that it was something that he could never take back and never make better, but to accept punishment." Defendant's attorney also noted defendant had "no prior criminal record."

The sentencing judge found aggravating factors one (nature and circumstances of the offense), two (gravity and seriousness of harm inflicted on the victim), and nine (need for deterring defendant and others) as well as mitigating factor seven (no history of prior delinquency). On count one, the judge imposed a sentence of forty years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On count two, she sentenced defendant to a seven-year term, to run consecutively to the sentence on count one.

Defendant appealed his sentence to our excessive sentence calendar to request a reduction of the imprisonment term on count one from forty to thirty

years. At the hearing, appellate counsel stated "[a]nd we understand that the [c]ourt properly addressed the Yarbough[1] factors and that consecutive sentences in this case would be appropriate." Defendant argued the sentencing judge should have considered mitigating factor eight (circumstances highly unlikely to occur) and nine (his character and attitude). By order dated December 3, 2018, we affirmed defendant's sentence, finding it was "not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion." See State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984). The Supreme Court denied certification. State v. Vasquez, 236 N.J. 613 (2019).

On September 5, 2019, defendant filed this PCR petition, alleging ineffective assistance of counsel. On April 17, 2020, the PCR judge denied defendant's petition without an evidentiary hearing for failure to establish a prima facie case of ineffective assistance of counsel. This appeal followed.

Defendant raises the following points on appeal:

> POINT I
>
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO ARGUE MITIGATING FACTORS AT THE TIME OF SENTENCE, FOR FAILING TO ADEQUATELY INVESTIGATE A PASSION/PROVOCATION

---

[1] State v. Yarbough, 100 N.J. 627, 643-44 (1985).

A-4460-19

DEFENSE, AND FOR FAILING TO CHALLENGE THE IMPOSITION OF CONSECUTIVE SENTENCES.

    A.  APPLICABLE LAW.

    B.  DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO ARGUE MITIGATING FACTORS AT SENTENCING.

    C.  DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FOR COUNSEL'S FAILURE TO CONDUCT A MINIMALLY ADEQUATE INVESTIGATION INTO A CLAIM OF PASSION/PROVOCATION.

    D.  DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FOR COUNSEL'S FAILURE TO ARGUE THE MISAPPLICATION OF CONSECUTIVE SENTENCES.

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We review the denial of a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible

evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).  Where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'"  State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421).  We also review de novo the legal conclusions of the PCR judge.  Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

A defendant seeking PCR must establish "by a preponderance of the credible evidence" that he is entitled to the requested relief.  State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).  The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision."  State v. Mitchell, 126 N.J. 565, 579 (1992).

Ineffective assistance of counsel claims must satisfy the two-prong test set forth in Strickland v. Washington, which was also adopted by the New Jersey Supreme Court in State v. Fritz.  466 U.S. 668, 687 (1984); 105 N.J. 42, 58 (1987).  Under the first prong, a "defendant must show that counsel's performance was deficient" and that counsel's errors were so egregious that he

"was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The second prong requires a defendant to demonstrate that the alleged defects prejudiced his right to a fair trial to the extent "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 60-61 (internal quotation marks omitted).

In light of these guiding principles, we reject defendant's argument that trial counsel failed to investigate a possible defense of passion/provocation as his claim is belied by the transcript of his April 24, 2018 plea hearing:

> THE COURT: Mr. Russo said that you had some discussions about possible defenses. Correct?
>
> [DEFENDANT]: Yes.
>
> THE COURT: In fact, you had a discussion about a possible defense of passion provocation. Is that right?
>
> [DEFENDANT]: Yes.
>
> THE COURT: And you're aware that Mr. Russo filed a notice to the [c]ourt that he intended asking for a passion/provocation charge at the time the jury was to consider the case. You're aware of that as well?
>
> [DEFENDANT]: Yes.

7

THE COURT: You understand by pleading guilty today you're giving up any sort of defenses to be put before this jury, including asking for a lesser included [charge] of passion/provocation manslaughter? Do you understand that?

[DEFENDANT]: Yes.

THE COURT: I'm – I'm just letting you know that I – I don't know whether or not I would let the jury have that charge, but I'm just telling you that there's possible defenses that you could put forward. You're giving up that right by pleading guilty. Do you understand that?

[DEFENDANT]: Yes.

THE COURT: Are you satisfied with the advice that you've received from Mr. Russo in this matter?

[DEFENDANT]: Yes.

As the PCR judge found, defendant's argument has no merit and requires no further discussion.

We also reject defendant's assertions with respect to sentencing. When the allegations underpinning an ineffective assistance of counsel claim has already been raised on direct appeal, "it may be procedurally barred on PCR by Rule 3:22-5." State v. McQuaid, 147 N.J. 464, 484 (1997).

Rule 3:22-5 provides:

A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction

proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

"'Preclusion of consideration of an argument presented in post-conviction relief proceedings should be affected only if the issue [raised] is identical or substantially equivalent' to that issue previously adjudicated on its merits." McQuaid, 147 N.J. at 484 (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)). The court will not accept a defendant's contention that he was unable to raise the issue of ineffective assistance of counsel in cases where the issue "could have been raised and would be procedurally barred but for the constitutional attiring of the petition in ineffective assistance of counsel clothing." State v. Moore, 273 N.J. Super. 118, 125 (1994).

Defendant's arguments that counsel was ineffective for failing to address mitigating factors eight (circumstances highly unlikely to occur), nine (his character and attitude), and twelve (his willingness to cooperate with law enforcement) and for failing to challenge the court's imposition of consecutive sentences raised on PCR are identical to the issues raised and adjudicated in his sentencing appeal. Thus, Rule 3:22-5 bars relief because these issues were previously adjudicated. See State v. Sloan, 226 N.J. Super. 605, 611-12 (App. Div. 1988) (finding that defendant's claim of ineffective assistance of counsel

was barred because it had been raised and rejected on direct appeal). Defendant cannot overcome the procedural bar by attiring the same arguments as an ineffective-assistance claim. See Moore, 273 N.J. Super. at 125.

To the extent we have not addressed defendant's arguments, we find they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4460-19