**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0319-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID ALBRIGHT, a/k/a
DAVID JEROME ALBRIGHT
and LATIF R. ABDULLAH,

    Defendant-Appellant.

_____

Submitted January 29, 2024 – Decided February 13, 2024

Before Judges Chase and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-12-2852.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the briefs).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Debra Boxman Albuquerque, Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant David Albright appeals from the Law Division's July 25, 2022 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

We incorporate the facts leading to defendant's March 18, 2013 conviction from our decisions on defendant's direct appeals, State v. Albright, No. A-4937-12, (App. Div. October 19, 2015), certif. denied, 224 N.J. 125 (2016), where we previously affirmed defendant's conviction but remanded for resentencing; State v. Albright, No. A-3574-16 (App. Div. October 25, 2017), where we again remanded for resentencing; and State v. Albright, No. A-5659-17 (App. Div. October 22, 2019), where we upheld defendant's aggregate sentence of thirty years to be served in New Jersey State Prison with fifteen years of parole ineligibility. The facts underlying defendant's conviction are detailed in our previous opinions and need not be repeated in their entirety. Rather, we recount the facts relevant to defendant's petition.

The State established at trial[1] that in July 2011, Atlantic City Police Detective Kevin Fair was informed that defendant had an assault firearm for sale. After confirming defendant's identity, Fair arranged for an informant to purchase the firearm.

On the day of the sale, the police recorded two conversations between the informant and defendant concerning where they would meet. The police then wired the informant with an audio and video recording device, provided him with $800 to purchase the weapon, and drove him to the planned meeting spot in Atlantic City. The informant met defendant and drove with him to a nearby apartment. Inside the apartment, defendant retrieved what the informant thought was an AK-47. Defendant demonstrated how to use the weapon and then gave him the gun in exchange for $700. The informant later returned the remaining $100 to the police.

Before the informant left, defendant asked him to look outside the apartment "to see if anybody was coming." When the informant saw a man walking, defendant "went to the back" and returned with a .357 revolver from another room but did not use the handgun. Defendant gave the informant a

___

[1] Trial was bifurcated into the underlying weapons offenses and the certain persons offenses.

bicycle which he rode along Baltic Avenue to a designated meeting spot to turn over the weapon to waiting police officers.  Later at trial, the informant would concede that while riding the bicycle to meet the police he stopped at a street corner for approximately forty-five seconds.

Lieutenant Charles DeFebbo, of the Atlantic County Prosecutor's Office, testified as an expert witness in firearms identification.  He testified the firearm purchased by the informant was an Arsenal SLR-95 and it was "substantially similar" to an AK-47 assault rifle.  He further testified the weapon is classified as an assault weapon because it employs a flash suppressor and a pistol grip. The State's firearms operability expert, Lieutenant Robert DeGaetano, tested the Arsenal SLR-95 and found it to be operable.

Defendant testified and presented the testimony of several witnesses in an attempt to persuade the jury that he sold the informant an airsoft replica of an assault rifle, which he claimed the informant subsequently switched for a real gun.  Defendant admitted he violated the law by possessing the airsoft replica without the orange tip, which distinguishes replicas from real weapons. Defendant also testified he never possessed a real handgun but only an airsoft replica of a handgun.

A-0319-22

Defendant also presented the testimony of Jamall Dennis, who was walking on Baltic Avenue on the day defendant sold the gun. Dennis testified he witnessed a man riding a red bike turn onto Baltic Avenue and ride by a man who was standing on the corner. The pedestrian started jogging toward the bicyclist which led Dennis to believe the jogging man was going to do something to the man on the bike. Instead, they both stopped at the next intersection where Dennis saw the jogger "pull something off" the bicyclist's back, go to a car, return, and then "put[] something back on his back." The jogger then touched the bicyclist on the head and the bicyclist rode away. Dennis estimated the exchange lasted "about [twenty] seconds[.]".

On May 30, 2012, the jury found defendant guilty of second-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f); third-degree unlawful sale of an assault firearm, N.J.S.A. 2C:39-9; and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The court then charged the jury on two certain persons not to have weapons offenses for the handgun and assault weapon, N.J.S.A. 2C:39-7, and the jury returned a guilty verdict on those two counts.

On June 22, 2016, defendant filed his initial petition for PCR. On February 8, 2017, the PCR judge dismissed his petition "without prejudice

A-0319-22

pending the finality of the matter in the Appellate or Supreme Court" because defendant had a pending appeal. After that appeal was resolved, defendant refiled his PCR petition within ninety days.

Defendant argued he was entitled to post-conviction relief due to several errors committed by both his trial and appellate attorneys. In regard to his trial counsel, defendant believed he was ineffective for eighteen different reasons including failure to: file a suppression motion; challenge the extended term motion; challenge the redundant certain persons charges; object to the state's expert; move for a mistrial; challenge the reliability of the confidential informant; and object to the court's sentence. He contended both trial and appellate counsel were ineffective for failing to argue that he was not eligible for an extended term, that Apprendi[2] applied, and that the firearm was not a sentencing factor but an element of the offense. Additionally, defendant raised the following arguments: appellate counsel was ineffective for failing to argue his consecutive sentence correctly on appeal; trial counsel did not object to the jury charge; at sentencing the judge failed to place reasons on the record; resentencing was required; and his need for rehabilitation. Lastly, he claimed

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000)

PCR counsel failed to argue the entire Atlantic County Prosecutor's Office should be disqualified.

In her written decision, the PCR court methodically addressed each issue individually, and specifically analyzed the petition's timeliness under Rule 3:22-12 and whether the argument was or could have been raised under Rule 3:22-4(a)(1). Even though she found defendant's procedural violations a valid basis for denial, the PCR court then scrutinized each issue substantively. Finally, the PCR court separately determined whether each allegation was entitled to an evidentiary hearing. On February 25, 2021, the court denied defendant's entire PCR petition in its entirety without an evidentiary hearing.

On appeal, defendant raises the following issues for our consideration:

> POINT I
>
> THE PCR COURT ERRED BY PROCEDURALLY BARRING DEFENDANT'S PETITION.
>
> POINT II
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO OBJECT TO THE QUALIFICATIONS OF THE STATE'S EXPERT WITNESS REGARDING DEFENDANT'S ALLEGED ASSAULT FIREARM.

A-0319-22

Defendant's pro se supplemental brief presents the following additional arguments for our consideration:

POINT I

DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

POINT II

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON THE APPEALS.

POINT III

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS POST-CONVICTION RELIEF CLAIMS.

## II.

A PCR petition is neither "a substitute for direct appeal . . . nor an opportunity to relitigate cases already decided on the merits . . . ." State v. Preciose, 129 N.J. 451, 459 (1992) (citation omitted). When a petitioner claims ineffective assistance of counsel as a basis for relief, they must show counsel's performance was deficient, and but for those errors, they would not have been convicted. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). There is a strong presumption counsel "rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); Preciose, 129 N.J. at 459. To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant is also entitled to effective assistance of appellate counsel, but "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant . . . ." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Appellate counsel will not be found ineffective for failure to raise meritless issues or errors an appellate court would deem harmless. See State v. Echols, 199 N.J. 344, 361 (2009).

We conduct a de novo review when a PCR court does not hold an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be

resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013).

## III.

Having considered defendant's claims, the record, and applicable legal principles, we affirm for the substantive reasons set forth in the PCR judge's thorough and well-written opinion. We add the following comments.

In his counseled brief, defendant argues the PCR court was wrong to find his PCR petition procedurally barred as untimely and raises issues that it should have been brought up on direct appeal. Moreover, he contests the substantive findings of only one of the alleged instances of ineffective assistance of counsel made to the PCR court, namely that his trial counsel failed to object to the expert qualifications of Lt. DeFebbo. We address each contention in turn.

## A.

PCR is not a substitute for appeal from conviction and may not be filed while such appellate review or motion is pending. R. 3:22-3. Once an appeal is filed, then upon notification by the public defender, the PCR petition is to be dismissed without prejudice. R. 3:22-6A(2). However, the five-year bar on the filing of a PCR under Rule 3:22-12(a)(3) states in pertinent part:

A petition dismissed without prejudice pursuant to R. 3:22-6A(2) because a direct appeal, including a petition for certification, is pending, shall be treated as a first petition for purposes of these rules if refiled within 90 days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged.

[(emphasis added).]

On June 22, 2016, defendant filed his initial petition for PCR. Because he had an appeal pending, the PCR court dismissed it without prejudice on February 8, 2017. Defendant's sentence on his third and final appeal was affirmed on October 22, 2019. Defendant refiled his PCR on January 15, 2020. Because this filing was within ninety days of the final disposition, it should have been considered a timely filing of his first petition for PCR. R. 3:22-12(a)(3).

## B.

Collectively, Rules 3:22-4(a) and 3:22-5 provide procedural bars such that "a defendant may not employ [PCR] to assert a new claim that could have been raised on direct appeal, . . . or to relitigate a claim already decided on the merits." State v. Goodwin, 173 N.J. 583, 593 (2002) (citing respectively R. 3:22-4 and R. 3:22-5). These rules incorporate some exceptions, and the procedural bar will be lifted "[i]f an issue could not reasonably have been raised

in a prior proceeding, if it involves the infringement of constitutional rights, or if it presents exceptional circumstances involving a showing of fundamental injustice." Mitchell, 126 N.J. at 585.   Accord State v. Hannah, 248 N.J. 148, 178 (2021); State v. McDonald, 211 N.J. 4, 30 (2012); State v. Reevey, 417 N.J. Super. 134, 148-49 (App. Div. 2010) ("fundamental injustice," as prescribed in Rule 3:22-4(a)(2), expressly includes claims of ineffectiveness of counsel).

To defeat this procedural bar, "the claim must be one that a reasonable attorney, aware of the facts and law could not reasonably have raised." Mitchell, 126 N.J. at 585.   This procedural bar also cannot be dodged by the "constitutional attiring" of a claim in "ineffective assistance of counsel clothing." State v. Moore, 273 N.J. Super. 118, 125 (App. Div. 1994).

Defendant, citing to the fundamental injustice part of Rule 3:22-4(a)(2) and Preciose, 129 N.J. 451, contends his claims of ineffective assistance of counsel could not have been raised earlier and the PCR court should not have dismissed the claim on this basis.   The underlying basis of his ineffective assistance of counsel claim is that trial counsel should have objected to Lt. DeFebbo's qualification as an expert in firearms identification.   He argues this claim is particularly suited to his petition for PCR.   The trial court held this claim was barred because he did not "raise the argument at any prior

proceeding." If, as defendant contends, "[t]he real issue in this matter is the lack of objection from the trial attorney," this issue is better suited for a PCR petition. See State v. Taccetta, 200 N.J. 183, 192-93 (2009).

C.

N.J.R.E. 702 allows an expert who is qualified "by knowledge, skill, experience, training, or education" to testify in the form of an opinion "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact" in understanding the evidence. Our Supreme Court has explained the requirements for expert testimony under N.J.R.E. 702:

> 1) the intended testimony must concern a subject matter that is beyond the ken of the average juror; 2) the field testified to must be at a state of art that such an expert's testimony could be sufficiently reliable; and 3) the witness must have sufficient expertise to offer the intended testimony.
>
> [State v. Rosales, 202 N.J. 549, 562 (2010) (quoting State v. Jenewicz, 193 N.J. 440, 454 (2008)); see also State v. Olenowski, 253 N.J. 133, 143 (2023).]

The Court expounded these requirements are to be construed "liberally in light of [N.J.R.E.] 702's tilt in favor of the admissibility of expert testimony." Ibid. (quoting Jenewicz, 193 N.J. at 454).

The State presented Lt. DeFebbo as an expert in firearms identification. During voir dire, he testified to being qualified as an expert on firearms

13

identification over three dozen times. He further stated he first became a firearms instructor in 1992, and by 2001, he had accumulated the requisite teaching experience necessary to become range master. At the time of his testimony at this trial, he was the range master for both Atlantic County as well as the Atlantic City Police Department and responsible for training all the Atlantic County Prosecutor's Office Detectives in firearms twice per year, as well as overseeing other firearms instructors in Atlantic County. Lt. DeFebbo was certified in munitions, airsoft weapons, tasers, AR-15 assault rifles, and P-5 submachine guns. He also led training courses for these weapons. To maintain these certifications, he needed to attend forty to eighty hours of class per year. During his career, he conducted over five hundred firearms identifications.

Lt. DeFebbo testified an AK-47 was a prohibited firearm and that under the law if a firearm is "substantially similar" to an AK-47, it is classified as an assault weapon. He identified the firearm taken from defendant as an assault weapon because it was "substantially similar" due to its flash suppressor and pistol grip.

Defendant argues Lt. DeFebbo's testimony revealed he never fired an AK-47. However, we have held "vulnerabilities in an expert's background" should be "explored in cross-examination," and should not be used "as a reason to

14

exclude a party's choice of expert witness." Jenewicz, 193 N.J. at 455. For example, in State v. Krivacska, 341 N.J. Super. 1, 32-33 (App. Div. 2001), we upheld a trial judge's decision to permit a psychologist to give an expert opinion about a "mentally handicapped" person, even though the psychologist did not specialize in evaluating mentally handicapped people and had no experience with cognitive impairment issues

Likewise, here, although we recognize Lt. DeFebbo's lack of familiarity with this specific weapon, "[w]e are nevertheless satisfied that the trial judge properly exercised his discretion in determining that [he] was qualified to testify as an expert witness." Ibid. Rather than evincing an abuse of discretion, Lt. DeFebbo's deficiencies were fodder for defense counsel to highlight during cross-examination and closing argument to discredit Lt. DeFebbo's opinion. See State v. Olenowski, 255 N.J. 529 (2023) (abuse of discretion standard applies to appellate review of criminal expert admissibility issues except for reliability determinations). Further, the judge charged the jury that it was "not bound" by the expert's opinion, was free to "reject it," and was to consider the expert's qualifications in assessing credibility. See State v. Burns, 192 N.J. 312, 335 (2007).

The PCR court stated, and we agree, "even if trial counsel raised an objection regarding Lt. DeFebbo's qualifications as an expert, it would have very likely been denied." Indeed, as the PCR court correctly understood, the issue was not whether Lt. DeFebbo had ever seen the exact weapon presented in the instant case, but whether he was qualified to identify it and give an expert opinion on whether it was substantially similar to an AK-47 because it had a flash suppression and pistol grip.

Additionally, the PCR court found trial counsel asked multiple questions regarding Lt. DeFebbo's specific knowledge of the weapon that defendant sold. Further, although Lt. DeFebbo did not fire the weapon and had never fired an AK-47, the court noted "Lt. DeFebbo was offered in firearms identification, not operability." As the PCR court properly recognized, defendant's claim is devoid of both factual and legal merit, as Lt. DeFebbo's qualifications demonstrated his familiarity with firearms identification, and the trial court was well within its discretion to find that he was an expert in firearms identification. Thus, the PCR court was correct in finding that trial counsel's position on the expert's qualifications did not "fail to meet the standard of 'reasonable competence,'" nor that defendant "was prejudiced by trial counsel's performance in this regard."

A-0319-22

IV.

The PCR judge also correctly determined that an evidentiary hearing was not required. As stated above, a hearing on a PCR petition is only required when a defendant presents a prima facie case for relief, the existing record is not sufficient to resolve the claims, and the court decides that a hearing is required. Porter, 216 N.J. at 354-55. In this case, the existing record was sufficient to resolve defendant's claims. Moreover, as we have concluded, defendant failed to present a prima facie case for relief.

The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0319-22